## SUPREME COURT.

### THE ROCHESTER WATER-WORKS COMPANY agt. JOHN WOOD.

The constitution, (*art.* 1, § 7,) provides that when private property shall be taken for public use, the *compensation* therefor, when not made by the state, shall be ascertained by a jury, or by not less than three commissioners, appointed by a court of record as shall be prescribed by law.

The provision in the charter of the Rochester Water-works Company, (*Laws* 1852, §§ 8–11,) which authorizes the *court* to increase or reduce the amount of damages reported by the three commissioners, for the taking of land for the use of said company, is *unconstitutional and void.*

When the constitution requires damages to be assessed, either by a jury of 12 men, or by three commissioners, it does not require argument to demonstrate that it cannot be done by one, nor by three or more judges of this or any other court.

It is competent to provide for an *appeal to the court*, in order to protect the parties against an imperfect appraisal; and upon that appeal the court can confirm or set aside the assessment, and correct irregularities committed by the commissioners or parties in the course of the proceedings; and this is the extent of the power possessed by the court.

The general term, on appeal, has the power and it is its duty to make such an order as the special term should have made in such a case.

In this case, the special term having reduced the amount of damages reported by the commissioners, the general term vacated that order, and remitted the case to the special term for the appointment of new commissioners to make the appraisal.

*Fourth Department, January Term,* 1871.

MULLIN *P. J.*, JOHNSON *aud* TALCOTT, *JJ.*

APPEAL from an order of special term reducing amount of appraisal of damages for land taken by the Rochester Water-works Company.

MULLIN, P. J.—The charter of the Water-works Company, (*chap.* 356 *of the Laws of* 1852, § 8, 9, 10, and 11,) provides that it may acquire title to real estate, for the purpose of its incorporation, and if it cannot agree with the owners of the land required, it may apply to the supreme

court at any term thereof, held in the seventh judicial district, for the appointment of three commissioners by whom the compensation to be paid for the damages suffered or to be suffered by reason of taking land and water, and constructing any of the works of said company, shall be ascertained and determined; notice of the time and place of hearing before the commissioners is to be given to the owners of land, &c., and the commissioners are to hear the parties, and to report in writing the amount of damages ascertained and assessed by them.

The company, or any owner may appeal from the determination of said commissioners to the court, and upon the report and such further evidence as may be produced before it, the court may affirm the proceedings of the commissioners in whole or in part, or may increase or diminish the amount of compensation, and if the proceedings have been irregular, it may set them aside, and order new proceedings and appraisment, and it may make such orders in reference to the proceedings of the commissioners, and for notices to the parties as the nature of the case may require.

Under these provisions, the company procured three commissioners to be appointed to appraise the damages sustained by the defendant, Wood, by reason of the taking of a part of his lands for the purpose of laying therein its pipes, to conduct water from the Reservoir of the company to the city.

The commissioners after hearing the parties, assessed defendant's damages at the sum of $900.

From this appraisal, the company appealed to this court, and on the hearing at the special term, additional evidence was given upon the question of damages, and the court reduced them to $250, and confirmed the appraisal for that sum.

From that order, the defendant, Wood appeals.

The counsel for the company, concedes that the provisions

Rochester Water-Works Co. agt. Wood.

of the charter authorizing the court to increase or reduce the amount of damages reported by the commissioners, is unconstitutional and void.

The conststution provides, art. 1, § 7, that when private property shall be taken for any public use, the compensation therefor, when not made by the state, shall be ascertained by a jury, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law.

It does not require argument to demonstrate the proposition, that when the constitution requires damages to be assessed either by a jury of twelve men, or by three com missioners, that it cannot be done by one, nor by three or more judges of this or any other court.

The legislature is entrusted with the discretion, to provide for appraisement by a jury, or by three commissioners, and it can provide for no other mode of assessment.

It was competent to provide for an appeal to the court, in order to protect the parties against an unjust appraisal, and upon that appeal, the court could confirm or set aside the assessment, and correct irregularities committed, by the commissioners or parties, in the course of the proceedings. And this was the extent of the power possessed by the court.

It is unnecessary to enter into an examination of the evidence. It is manifest that the damages are very large in lieu of the quantity of land taken, and of the use to which it is to be put. The court should have set aside the appraisal, and appointed new commissioners.

This court has the power, and it is its duty to make such an order as the special term should have made.

The order of the special term is therefore, vacated, and it is ordered that the appraisal of the damages by the commissioners be, and the same are, hereby set aside, and the proceedings are remitted to the special term, for the appointment of new commssioners. $10 costs of the appeal allowed to appellant.